# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| TRAN DAMONE MONROE,<br><br>  Petitioner,<br><br> v.<br><br>RANDY L. TEWS,<br><br>  Respondent. | CV 15-02047 TJH (SPx)<br>CR 98-00060 AHS<br><br><br>Order |

  The Court has considered Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 or, in the alternative, petition for writ of *habeas corpus* under 28 U.S.C. § 2241, and Respondent's motion to dismiss, together with the moving and opposing papers.

  In 1985 and 1989, Petitioner was convicted in the Superior Court of California for committing robbery, in violation of Cal. Penal Code § 211. In 1999, Petitioner was convicted in this District on three counts: (1) Conspiracy to commit armed bank robbery and to use or carry a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 371; (2) Armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and (3) Using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). Given his two prior state convictions, Petitioner was sentenced

to a mandatory term of life imprisonment pursuant to 18 U.S.C. § 3559(c).

In 2002, Petitioner appealed his federal conviction and sentence to the Ninth Circuit Court of Appeals, challenging, *inter alia*, the District Court's decision to count his 1985 robbery conviction as a prior strike. The Ninth Circuit affirmed and the Supreme Court denied *certiorari*. Petitioner, then, filed two § 2255 motions; both were denied.

The Ninth Circuit authorized Petitioner to file this successive § 2255 petition, which challenges his conviction on the grounds that his prior state convictions were not serious violent felonies under 18 U.S.C. § 3559(c), and that the federal armed bank robbery charge was not a crime of violence under 18 U.S.C. § 924(c).

**Prior State Convictions**

A § 2255 motion must be filed within one year of, *inter alia*: (1) The date the conviction became final; or (2) The date the Supreme Court initially recognized a right that was retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f). Here, Petitioner's conviction became final when the Supreme Court denied his petition for a writ of *certiorari* in 2002. *See Clay v. United States*, 537 U.S. 522, 524-525 (2003). Further, Petitioner failed to identify, and the Court could not find, any Supreme Court precedent that recognized a retroactive right upon which Petitioner may bring this challenge. Accordingly, Petitioner's § 2255 is untimely.

Untimeliness, however, does not bar *habeas* petitions based on actual innocence. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1932 (2013). Here, Petitioner argues that he is actually innocent. Petitioner contends that under the categorical approach, as established in *Taylor v. United States*, 495 U.S. 575 (1990), Cal. Penal Code § 211 falls outside of 18 U.S.C. § 3559's definition of robbery.

In his 2002 appeal to the Ninth Circuit, Petitioner contested the categorization of only his 1985 robbery conviction as a prior strike because he was a minor when he committed that crime. *United States v. Monroe*, 40 Fed. Appx. 408, 411 (9th Cir.

2002). The Circuit held that "Monroe's 1985 robbery conviction falls within the definition of serious violent felony," within the definition of 18 U.S.C. § 3559, and was properly deemed a prior strike because Petitioner was convicted as an adult. *Monroe*, 40 Fed. Appx. 408 at 411.

There is no reason why Petitioner's 1989 conviction should not, similarly, be considered a serious violent felony. Petitioner's current § 2255 motion is merely an attempt to relitigate an issue which the Ninth Circuit previously decided on direct appeal. Despite the fact that the categorical approach was not expressly mentioned in the appellate opinion, the Ninth Circuit was clear – Petitioner's prior state convictions are serious violent felonies under 18 U.S.C. § 3559.

Because this claim had been previously considered by the Ninth Circuit, this Court has the discretion to refuse to consider this claim, barring manifest injustice or a change in the law. *See Walter v. United States*, 969 F.2d 814, 826 (9th Cir. 1992). Petitioner has not indicated, nor does the Court find, that manifest injustice is present here.

Petitioner argues that intervening Supreme Court and Ninth Circuit cases – decided after he exhausted his direct appeal and first § 2255 motion – are integral to his actual innocence argument. However, precedent that merely strengthens or clarifies an argument is not a change in law. *Alaimalo v. United States*, 645 F.3d 1042, 1047-1048 (9th Cir. 2011).

Accordingly, Petitioner has not established the existence of a manifest injustice or a change in the law.

**Armed Bank Robbery**

Petitioner challenges his sentence under 18 U.S.C. § 924(c), which is predicated on Petitioner's armed bank robbery charge in violation of 18 U.S.C. § 2113(a) and (d).

Section 924(c) defines "crime of violence" under § 924(c)(3)(A) [the "Force Clause"] and § 924(c)(3)(B) [the "Residual Clause"]. This Court held that the Residual

Clause is unconstitutionally vague, and that certain convictions — convictions that, under the categorical approach, *see Taylor v. United States*, 495 U.S. 575 (1990), fall outside the Force Clause because the statutory elements of the conviction include conduct falling outside the Force Clause's definition of a "crime of violence" — must be vacated. *See Juan Becerra-Perez v. United States*, No. 2:16-cv-07046-TJH (C.D. Cal. Feb. 15, 2017). The Force Clause defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" § 924(c)(3)(A).

Sections 2113 (a) and (d) are crimes of violence under the Force Clause defined in § 924(c)(3)(A). *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000). Since *Wright*, the Ninth Circuit has reaffirmed that armed bank robbery qualifies as a crime of violence under the Force Clause. *United States v. Pritchard*, No. 15-50278, 2017 WL 2219005, at *1 (9th Cir. May 18, 2017). Subsection (a) provides for a felony conviction for bank robberies and incidental crimes committed "by force and violence, or by *intimidation*." 18 U.S.C. § 2113(a) (emphasis added). The Ninth Circuit has defined intimidation under § 2113 to mean "wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm," which comports with the requirement of a "threatened use of physical force" contained in the Force Clause. *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990).

Similarly, subsection (d) includes "putting in jeopardy the life of any person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). As such, even the most innocent conduct penalized under this section would qualify as a crime of violence. *See United States v. Watson*, No. 14-00751 01 DKW, 2016 WL 866298, at *7 (D. Haw. Mar. 2, 2016). Therefore, both subsections (a) and (d) fall within the definition of a crime of violence under 18 U.S.C. § 924(c)(3)(A). *Watson*, 2016 WL 866298, at *7. This conclusion is, further, supported by decisions in this Circuit reaching the same result. *See, e.g., McFarland v. United States*, No. CV-16-7166,

2017 WL 810267, at *4 (C.D. Cal. Mar. 1, 2017); *United States v. Salinas*, No. 1:08 CR 0338 LJO SKO, 2017 WL 2671059, at *7 (E.D. Cal. June 21, 2017).

Accordingly, the Court need not reach Petitioner's argument that the Residual Clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) because Petitioner is not actually innocent under the Force Clause.

**Alternative § 2241 motion**

In the alternative, Petitioner asks the Court to construe his § 2255 motion as a § 2241 motion. Although a § 2255 motion is the most proper avenue to attack the legality of a sentence, the savings clause of § 2255 allows a petitioner to file a § 2241 motion where his remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." *See Hernandez v. Campbell*, 204 F.3d 861, 864-865 (9th Cir. 2000). A § 2255 motion is inadequate or ineffective where a petitioner makes a claim of actual innocence and has not had an unobstructed procedural shot at presenting that claim. *Alaimalo*, 645 F.3d at 1047-1048. However, because Petitioner has not established his actual innocence, the Court cannot grant relief under § 2241.

**Certificate of Appealability**

The Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a showing requires a petitioner to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (alterations in original, emphasis omitted). Petitioner has not made a substantial showing of the denial of a constitutional right under any of the above bases.

Accordingly,

**It is Ordered** that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 or, in the alternative, petition for writ of *habeas corpus* under 28 U.S.C. § 2241 be, and hereby is, **Denied**.

**It is further Ordered** that the Respondent's motion to dismiss be, and hereby is, **Granted**.

**It is further Ordered** that the Court declines to issue a certificate of appealability.

Date: November 7, 2017

_____
Terry J. Hatter, Jr.
Senior United States District Judge